The opinion of the Court was delivered by
Withers, J,
The will of James A. Johnson contains the ■following provision, to wit: “ To my esteemed friend and •fellow-citizen, Silas Johnstone, Esq., Commissioner of the Court of Equity of Newberry District, I give the entire of *260 my estate, absolutely, for tbe express purpose of distributing tbe same, according to equity, among my legal representatives and next of kin, when he may find it convenient to do so, after satisfying himself with whatever he may see proper to select, out of my cash, railroad stock,” &c.
The testator left surviving him a widow, from whom he had separated, and lived apart from her many years. The question is, Shall she be included in the words, “ among my legal representatives and next of kin?” If she be, she must seek that position by virtue of the words, “ legal representatives.”
The Courts have often been exercised (and have had conflicting views) in the duty of giving these same words interpretation where they were not employed, in devises and bequests, as words of limitation, i. e., to express the quantity of estate or interest given. They were surely not employed in this latter office in the present case. The legal representatives contemplated by James A. Johnson were intended to take a beneficial interest in such residue of his estate as was declared to be distributable. The strict, professional acceptation of the words points to executors or administrators. But strict, professional, technical interpretation of testamentary language is not the course of judicial exposition, since testators are too often inops concilii, and, therefore, capable of using language only in a popular or loose sense, to make such technical interpretation subserve purposes plainly disclosed by the testament. It is contrary to common experience and the general sense of mankind to suppose that, in the testamentary disposition of property, one intends to place a party who has merely a fiduciary character, who is remunerated by provision of law for his trouble and service, who is wholly uncertain, (for no testator can know whether a nominated executor will survive him, or will serve him if he does, and cannot know who may become administrator,) one who may be insolvent, or a profligate, *261 among the natural objects of his express bounty, or among those whom the law appoints to the succession. We are not surprised, therefore, to find in the books evidence of a strong leaning, by Judges of repute, to the construction of such words as are in question, (and which unquestionably point to succession or representation,) the sense of next of kin, or of those who would be distributees by a Statute of Distributions. Nor are we surprised to find, also, instances even where it has been adjudged that executors and administrators are the legatees, that nevertheless they should hold in trust for the benefit of those who fulfil the character of distributees under statute. Examples illustrating both of the foregoing observations may be found in 2 Jarm. 39, et seq., and other text-books treating the same subject.
Where nothing in the testament forbids it, there is much reason, in this State, to construe “ representatives ” or “ legal representatives ” to indicate those who would succeed to, •and be among, the distributees of an estate in case of intestacy. Our Statute of Distributions is familiar to the people beyond any other statute, perhaps, and furnishes the rule of succession very generally approved, as to all or some of an. estate which is to descend. In the second category of our Statute of Distributions the language is, “the lineal descendants of the intestate shall represent their respective parents and the phrase, jure representations — by right of representation — is the usual professional language, in speaking of distributees by substitution, according to that statute. Such legislative example in an old and familiar statute — one so often spoken of, in common parlance, as providing an equitable disposition of an intestate estate — gives aid to the idea that “ legal representatives ” in the case before us may well be construed to mean such as would take Johnson’s estate in case of intestacy. His widow fulfils the character of one of the class who stand in the line of those who, ly law, succeed to the testator, and so represent him touching his *262 estate, if the Statute of Distributions acted upon it. In such view there is, therefore, no shock to ideas of the rational interpretation of language in holding a distributee to be one legal representative of an intestate. Nothing in the will is made known to us that can have the effect of giving a different exposition to the words, “ my legal representatives.”
If we give any other exposition to these words, we shall be pointed by them to the exeeutor, Silas Johnstone, and then we should have the following result, to wit, that the testator, by explicit language,- gives to Silas Johnstone, in propria persona, as much as he may “ see proper to select,” and the residue he holds “ for the express purpose of distributing, according to equity, among ” Silas Johnstone, in character of executor, and the next of kin of testator. Such a scheme cannot be supposed to have been contemplated by the testator.
His conduct, in respect to his wife; is not a controlling circumstance, even if it be legitimate to consider it at all. In the last solemn act concerning the disposition of his estate there may (for aught we .know or can know) have been a relenting mood; and he put it- in the power of his favorite legatee to reduce her, as well as the next of kin, to a diminutive portion. It is possible, for aught we know, that he acquired some of his property through his wife. It is not fit we should be guided by the consideration of a fact ambiguous as to its influence in the structure of the will.
This is not the proper occasion to ascertain the persons who may come within the words, " legal representatives and next of kin.” The widow is, we think, a legal representative of testator, in the partition of what is to be distributed; and this is all the case, as now presented, warrants us to decide.
The motion is dismissed, and. the decree below affirmed.
O’Neall, 0. J., and Dunkust, J., concurred.

Decree affirmed.